MARXUACH, PLAINTIFF AND APPELLEE, *v.* TOUS TORRES ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in Foreclosure Proceedings.

No. 2654.—Decided May 16, 1922.

MORTGAGE—FORECLOSURE.—The fact that there was not filed with the mortgage deed, which was attached to the petition for foreclosure, the order of the

court authorizing the father of the minors to create the mortgage, is not
a sufficient reason for the court to set aside the summons at the instance of
the defendants, and its decision is not appealable. If that omission affects
the validity of the title the question should be disposed of in the correspond-
ing plenary action, in accordance with article 175 of the Regulations for the
Execution of the Mortgage Law.

The facts are stated in the opinion.

*Mr. V. M. Fernández* for the appellants.

*Mr. E. Pérez Casalduc* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

Mercedes Marxuach instituted special foreclosure pro-
ceedings in the First District Court of San Juan against
defendants José Tous Torres *et al.,* praying that judicial
demand be made upon them for the payment of the sum
claimed in the complaint within the time fixed by law. On
December 3, 1921, the court made an order to that effect
and a demand summons was served on the defendants on
December 17, 1921. At this juncture the defendants moved
the district court to quash the summons and restore the pro-
ceedings to the condition in which they were when the com-
plaint in foreclosure was filed.

On January 11, 1922, the court overruled the motion and
from that order the present appeal was taken to this court.

The parties appeared at the hearing and filed briefs.

We think that a lengthy opinion will not be necessary in
the decision of this case. The motion made by the defend-
ants and all of the argument in their brief refer to the con-
tention that the instrument on which the complaint in fore-
closure was based is not sufficient to justify the court below
in issuing the summons. In the deed creating the mortgage
it is stated that Manuel Tous Soto appears therein as the
representative and lawful father of the defendants, his minor
children, under authorization given him by the District Court
of San Juan, Section 1, by its order made on October 9,
1920, in an *ex parte* proceeding for authorization to contract

a loan on the grounds of necessity and utility brought by him as petitioner in the names of his minor children, a copy of which order was exhibited to the notary, as appears from the deed copied into the transcript of the record.

The appellant states the question correctly in his brief as follows:

"A petition in proceedings for the foreclosure of a mortgage created by the father of the minor defendants under authorization of the First District Court of San Juan was filed, together with a copy of the mortgage deed, but without exhibiting a copy of the order of authorization, and the said order is not inserted in whole or in part in the mortgage deed executed thereunder."

In this manner the appellant admits the condition of the case and expresses his opinion that the lower court erred in not making proper application of articles 169, 175 and 176 of the Regulations for the Execution of the Mortgage Law. The foreclosure of a mortgage is a special proceeding which is in full force with the exception of the amendments made by the Act relating to judgments and the manner of satisfying them of March 9, 1905. Article 175 of the Mortgage Law Regulations, alleged by the appellant to have been infringed, makes express enumeration of the only incidents that can determine the suspension of foreclosure proceedings. The pertinent parts of that article read as follows:

"Art. 175.—The summary proceedings referred to in this section can not be suspended by incidental issues or any other issues raised by the debtor or the third person in possession, nor by any other person appearing as an interested party, excepting in the following cases:

"1. When documentary evidence is produced of criminal proceedings charging the forgery of the mortgage deed the subject of the proceedings, in which a complaint shall have been admitted or an order of prosecution has been issued.

"2. When an action in intervention of ownership is filed, the title of the ownership of the estate in question recorded in favor

of the intervenor under a date prior to the record of the claim of the execution creditor and not canceled in the registry being necessarily filed therewith.

"3. When a certificate from the registrar is presented to the effect that the mortgage under which the proceedings are being prosecuted has been canceled, or an authentic copy of the public instrument of the cancelation of the same, bearing a memorandum of its presentation in any of the registries where it is to be noted, executed by the plaintiff or by his predecessors or successors in interest, the transfer in a proper case being also proved by documentary evidence.

\*       \*       \*       \*       \*       \*       \*

"All other claims that may be brought, either by the debtor or by third persons in possession and other persons interested, including those involving the nullity of the title or of the proceedings, or the maturity, truth, extinction or amount of the debt, shall be heard in the proper plenary action, without ever producing the effect of suspending or interfering with the execution proceedings. The jurisdiction to take cognizance of this declaratory action shall be determined by the ordinary rules."

As may be observed, the question raised by the plaintiff, as inferred from the said statute, would be a case which would affect the validity of the title, and this is not the proper time nor is the method used by the defendants the proper one for raising that question or for correcting the errors pointed out by the appellant in the service of the summons. Article 175, *supra,* describes plainly the proceedings that the defendants should have instituted to determine the sufficiency of the title, and they would thus have reserved the right which they consider invaded by the refusal of the court to quash the summons. These reasons lead us to the conclusion that the lower court found the facts and applied the law correctly in overruling the motion of the defendants and sustaining the summons.

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.